**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WILLIAM F. RAMIREZ,           :            CIVIL CASE NO.
      Plaintiff,             :
                         :
VS.                         :
                         :
CITY OF NEW HAVEN,          :
      Defendant.         :            AUGUST 13, 2018

## COMPLAINT

**I.**    **PRELIMINARY STATEMENT**

1.    This action seeks declaratory, injunctive and equitable relief, compensatory damages; and costs and attorney fees for the violation of the plaintiff's rights secured to him by the First Amendment to the United States Constitution, as well as Article 1, Section 4 of the Constitution of the State of Connecticut.

2.    This action seeks declaratory, injunctive, and equitable relief; and costs and attorney fees for the deprivation of the plaintiff's constitutional liberty interest without due process of law in violation of the United States Constitution, which occurred when the defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer based on stigmatizing governmental accusations that impose a substantial disability on the plaintiff's future employment opportunities as a police officer.

3.    Further, this action seeks declaratory, injunctive and equitable relief, compensatory damages; and costs and attorney fees for the losses suffered by the plaintiff when the

New Haven Board of Police Commissioners arbitrarily and capriciously disqualified the plaintiff from eligibility for employment as a police officer in the New Haven Police Department.

**II.      JURISDICTION**

4.       Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Sections 1983 and 1988 of Title 42 of the United States Code.

5.       Jurisdiction over the plaintiff's state law claims are invoked pursuant to the Court's supplemental jurisdiction.

6.       Declaratory, injunctive, compensatory damages, and equitable relief is sought pursuant to Title 28 U.S.C. §2201, and §2202.

7.       This action further arises under the First and Fourteenth Amendments to the United States Constitution, made actionable under the provisions of Title 42 U.S.C. §1983, and the Constitution of the State of Connecticut.

8.       Jurisdiction is invoked pursuant to Title 28 U.S.C. §1331 and Title 28 U.S.C. §1343.

9.       Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §1988 and Rule 54 of the Federal Rules of Civil Procedure.

**III.      VENUE**

10.      This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in this judicial district, and the defendant is a political subdivision of the State of Connecticut located within the District of Connecticut.

**IV.**    **PARTIES**

11.    The plaintiff, William F. Ramirez, is a citizen of the United States residing in the City of Waterbury, State of Connecticut.

12.    The defendant, City of New Haven, is a municipal corporation organized and existing under the laws of the State of Connecticut and is a political subdivision of the State of Connecticut.

**V.**    **FACTS**

13.    On or about June 22, 2017, the plaintiff submitted an application for employment for the position of police officer on the New Haven Police Department.

14.     On or about July 15, 2017, the plaintiff sat for the written eligibility examination conducted by the defendant for selecting qualified candidates for the position of police officer on the New Haven Police Department.

15.    On or about July 22, 2017, the plaintiff participated in an oral interview conducted by the defendant for selecting qualified candidates for the position of police officer on the New Haven Police Department.

16.    On or about September 29, 2017, the defendant notified the plaintiff that he had passed the written examination and oral interview with a combined score of 89.26, with a rank of #90, and was therefore placed on the 17-28 eligibility list for employment as a New Haven Police Officer.

17.     On or about November 13, 2017, the defendant extended a conditional offer of employment to the position of police officer on the New Haven Police Department to the plaintiff.

18.     As a condition of the offer of employment, the defendant required the plaintiff to fill out and/or sign the following documents on or before December 5, 2017; a personal history information waiver; criminal history waiver; integrity statement waiver; applicant questionnaire waiver; and a credit history waiver.

16.     In addition to the waivers that the plaintiff was instructed to sign, the defendant also required him to submit motor vehicle information, birth and marriage certificates, social security card, passport photos, high school diploma and college transcripts as well as a completed background investigation questionnaire.

17.     The plaintiff submitted the requested documents to the defendant on December 4, 2017.

18.     On March 7, 2018, the plaintiff received an email from New Haven Police Officer Leah Russo informing him that she was assigned to conduct his background investigation.

19.     On March 8, 2018, the plaintiff received another email from Police Officer Leah Russo informing him that he was scheduled for fingerprinting on March 12, 2018, which the plaintiff attended and had his fingerprints recorded.

20.     On March 13, 2018, Police Officer Leah Russo emailed the plaintiff and told him that he was scheduled on March 20, 2018, for a background investigation interview.

21.     On March 20, 2018, the plaintiff was interviewed by Police Officer Leah Russo and Police Officer Kris Ramirez at which time he was questioned about his employment, and criminal history.

22.     As a component of the eligibility process, the plaintiff was scheduled to undergo a polygraph examination on April 3, 2018, at the Connecticut State Police Polygraph Unit.

23.     On April 3, 2018, Detective O'Connor of the Connecticut State Police Polygraph Unit conducted a polygraph examination of the plaintiff.

24.     On April 4, 2018, Police Officer Leah Russo and Police Officer Kris Ramirez conducted a home visit with the plaintiff at his residence, where he and his wife were separately interviewed.

25.     On May 2, 2018, the plaintiff inquired of Police Officer Leah Russo as to the status of his eligibility, who informed him that she had completed the investigation and had submitted her report to her supervisors.

26.     On May 9, 2018, the plaintiff received an email from the New Haven Police Department stating that he had been placed on the removal (disqualified) list for failing the background investigation.

27.     The May 9, 2018, email to the plaintiff recommended that he attend a file review being offered on May 11, 2018, prior to the meeting of the New Haven Board of Police Commissioners on May 15, 2018.

28.     As the email of May 9, 2018, suggested, the plaintiff notified Sergeant Ronald Ferrante that he would avail himself of the opportunity to review his background investigation file.

29.     The plaintiff also contacted Police Officer Leah Russo about his disqualification, and she informed him that the reason for his disqualification was that his polygraph had come back as inconclusive.

30.     Based on his review of his background investigation file, the plaintiff discovered that there was patently false information included in the report, which was the result of the intentional and knowing wrongdoing committed by the investigating police officers.

31.     The background investigators claimed that they interviewed some of the plaintiff's neighbors; however, the neighbors supposedly interviewed were deceased at the time that the alleged interviews were conducted.

32.     Additionally, the background investigators untruthfully asserted that the plaintiff had failed a polygraph regarding his application for employment as a Waterbury Police Officer; the plaintiff had never sat for a polygraph in connection with his application for employment as a Waterbury Police Officer.

33.     Likewise, the background investigators falsely stated that they had interviewed certain individual identified by the plaintiff as references; these individuals had never been contacted by the background investigators.

34.     On May 15, 2018, the plaintiff attended the New Haven Board of Police Commissioners meeting at which time he addressed the commissioners and

complained about the dishonesty of the background investigators as regards his personal and neighborhood references and the supposed polygraph exam in Waterbury.

35. The plaintiff asserted that the background investigation conducted by the background investigators, which resulted in the plaintiff's disqualification, was dishonest and corrupt.

36. The plaintiff submitted evidence to the New Haven Board of Police Commissioners which conclusively proved that certain of his neighbors who were allegedly interviewed by the background investigators had been deceased.

37. The plaintiff also submitted evidence that disproved the assertion of the background investigators that he had been rejected as a candidate by the Waterbury Police Department because of a failed polygraph examination.

38. Commissioner Garcia of the New Haven Board of Police Commissioners, after the plaintiff demonstrated the corrupt practices to which he had been subjected, displayed her hostility to the plaintiff when she sarcastically asked the plaintiff if he believed in ghosts and conspiracies.

39. The New Haven Board of Police Commissioners voted that the plaintiff's eligibility status should be tabled.

40. Lieutenant Robert Criscoulo spoke to the plaintiff after the meeting of the New Haven Board of Police Commissioners had concluded and informed the plaintiff that a new set of background investigators would be assigned to the plaintiff's application.

41.     On May 16, 2018, the plaintiff received a phone call from New Haven Police Officer Michael Calabro stating that New Haven Police Officer Montalvo and he had been assigned as the plaintiff's background investigators.

42.     The plaintiff met with New Haven Police Officer Michael Calabro and New Haven Police Officer Montalvo later that day for a three-hour interview regarding the plaintiff's background, any involvement with drug dealers and any criminal history.

43.     The plaintiff was instructed to obtain criminal, driving and school records from Puerto Rico, where he had lived from 1997-1998, high school diploma, college transcripts, vehicle information and paperwork that he had brought to the New Haven Board of Police Commissioners on May 15, 2018.

44.     Police Officer Michael Calabro and Police Officer Montalvo gave the plaintiff an unreasonable deadline for submitting the information, which despite the unreasonableness of the deadline, the plaintiff met.

45.     On May 17, 2018, the plaintiff received an email from the New Haven Police Department instructing him to attend a psychological examination on May 25, 2018, to be conducted by Dr. Mark Kirschner and a polygraph examination on May 31, 2018, at the Connecticut State Police Polygraph Unit.

46.     On May 25, 2018, the plaintiff attended and completed the psychological examination.

47.     On May 30, 2018, the New Haven Police Department emailed the plaintiff informing him to attend a mandatory pre-academy physical agility exam for entrance into the police academy on June 11, 2018.

48.     The plaintiff also received an email stating that he had been scheduled for a medical exam on June 14, 2018, at Yale New Haven Hospital.

49.     On June 4, 2018, the plaintiff received an email from the New Haven Police stating that he had once again been placed on the removal list for failing my background investigation.

50.     On June 7, 2018, the plaintiff reviewed his background investigation file which indicated that he had passed his polygraph examination.

51.     Just as in the first background investigation, the second background investigation contained spurious and stigmatizing information that had never been raised at any time prior in the eligibility process.

52.     Police Officer Calabro and Police Officer Montalvo claimed to have received information from Waterbury Police Vice and Intelligence Unit that in 2001, seventeen years earlier, that the plaintiff was implicated with a well-known drug dealer named Victor Caraballo and that the plaintiff was part of a search and seizure when stopped in his vehicle on July 31, 2001.

53.     Police Officers Calabro and Montalvo claimed, without any corroborating information, that confidential informants confirmed that the plaintiff was associated with an individual known as Victor Caraballo.

54.     At a chance meeting with Officers Calabro and Montalvo at a local diner, the plaintiff told them that they had erroneously identified him as connected with a drug dealer to

which they responded in a cursory fashion, suggesting that he take the matter up with the Waterbury Police Department.

55.  Officers Calabro and Montalvo knew full well that the Waterbury Police Department had marked the file as an active investigation with confidential information and would not release its contents to the plaintiff.

56.  Officers Calabro and Montalvo employed the ruse of information contained in a confidential file, impossible for the plaintiff to refute, to disqualify the plaintiff from the eligibility process for the position of police officer on the New Haven Police Department.

57.  When the plaintiff requested the contents of the file from the Waterbury Police Department, he was told that he would not be provided any information since the case was still an open investigation some seventeen years later.

58.  The plaintiff has never been charged or convicted of a crime involving any association with known, or unknown drug dealers, and the polygraph examination employed by the defendant to assess the plaintiff's truthfulness supports the plaintiff's honesty.

59.  On June 12, 2018, the plaintiff attended the New Haven Board of Police Commissioners meeting at which time he informed the commissioners that the allegations about Victor Caraballo were false, and that he had never been associated with Victor Caraballo, or any other drug dealer.

60.  The plaintiff questioned as to why this information had appeared in his file at the conclusion of the eligibility process, but had never surfaced in any other background

investigation, or for that matter, except for being in a supposed secret file, in any legitimate record at all.

61. The psychological evaluation report stated that based on the plaintiff's unspecified past behaviors, reports and polygraphs the plaintiff was a high risk on both the areas of integrity and stress.

62. The plaintiff also questioned how Dr. Kirschner could make a fair assessment if he had access to the reports contained in his background investigation that turned out to be false.

63. Chief Anthony Campbell had stated on June 11, 2018, that New Haven Police Department would no longer provide candidates background investigation reports to the psychologist prior to the psychological examination since it could "pollute" the process.

64. On June 12, 2018, the New Haven Board of Police Commissioners voted unanimously to disqualify the plaintiff from the police officer eligibility list.

65. At the end of the meeting, Police Officer Calabro, displaying his antagonism toward the plaintiff, vindictively told the plaintiff, "I don't have to bother with you anymore!"

66. On or about June 13, 2018, Police Officer Leah Russo resigned from the New Haven Police Department, followed shortly thereafter by Police Officer Kristian Ramirez.

67. The resignations of Police Officer Leah Russo and Police Officer Kristian Ramirez was the direct result of the plaintiff's exercise of his United States Constitution First Amendment Rights to freedom of speech in bringing their dishonesty to public view.

68. The resignations of Police Officer Leah Russo and Police Officer Kristian Ramirez was the direct result of the plaintiff's exercise of his rights under Article 1, Section 4 to speak freely on all subjects in bringing their dishonesty to public view.

69. The plaintiff was disqualified from eligibility for employment as a New Haven Police Officer based on an utterly corrupt selection process, including the use of false information contained in an alleged secret file of the Waterbury Police Department.

70. The Waterbury Police Department, under the pretense that the file is still an active investigation after seventeen years, has shielded the information from public access through the "active investigation" exception to the Connecticut Freedom of Information Act.

71. Connecticut General Statutes §1-216 states: "[e]xcept for records the retention of which is otherwise controlled by law or regulation, records of law enforcement agencies consisting of uncorroborated allegations that an individual has engaged in criminal activity shall be reviewed by the law enforcement agency one year after the creation of such records. *If the existence of the alleged criminal activity cannot be corroborated within ninety days of the commencement of such review, the law enforcement agency shall destroy such records*. (Emphasis added).

72. Connecticut General Statutes § 1-210(b)(3)(G) incorporates § 1-216 and states: "(b) Nothing in the Freedom of Information Act shall be construed to require disclosure of ... (3) Records of law enforcement agencies not otherwise available to the public which records were compiled in connection with the detection or investigation

of crime, if the disclosure of said records would not be in the public interest because it would result in the disclosure of ... (G) uncorroborated allegations subject to destruction pursuant to section 1-216."

73. The Waterbury Police Department records on which the defendant disqualified the plaintiff, and on which the psychologist questioned the plaintiff's fitness should have been destroyed under the provisions of Connecticut General Statutes § 1-216.

74. The defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for his revealing the fraudulent activities of Police Officer Leah Russo and Police Officer Kris Ramirez.

75. The defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for exercising his rights protected by the First Amendment to the United States Constitution.

76. The defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for exercising his rights protected by Article 1, Section 4 of the Constitution of the State of Connecticut.

77. Connecticut General Statutes § 31-51q does not cover the plaintiff's activities, and does not provide him a remedy to redress the defendant's wrongful conduct since he was not an employee of the City of New Haven when exercising his federal and state constitutional rights.

78. The corrupt practices of the New Haven Police Department in conducting background investigations of police officer candidates are matters of public concern and the

plaintiff's comments could not disrupt an employment relationship with the City of New Haven, since he was not employed by the City of New Haven.

79. The defendant, City of New Haven, at all times relevant to this action, acted under color of state law.

80. The defendant, City of New Haven, is a governmental entity organized and existing under the laws of the State of Connecticut.

81. The New Haven Board of Police Commissioners is an administrative agency of the City of New Haven, and at all times relevant to this action, acted on behalf of the City of New Haven.

82. The defendant, City of New Haven, is a person within the meaning of Title 42 U.S.C. § 1983 and were acting under color of law.

83. Pursuant to the Charter of the City of New Haven, the New Haven Board of Police Commissioners is the final hiring authority for the New Haven Police Department.

84. The New Haven Board of Police Commissioners acted on behalf of the City of New Haven when it disqualified the plaintiff from eligibility for employment as a New Haven Police Officer.

85. Police Departments in the State of Connecticut, including the New Haven Police Department, readily share background investigation information on police candidates with other police departments to which the candidates may have applied.

86. The plaintiff has been stigmatized by the false information regarding his association with Victor Caraballo, a known drug dealer.

87. On information and belief, the New Haven Police Department has shared the fallacious information regarding the plaintiff's association with Victor Caraballo with the Hartford Police Department resulting in the plaintiff's disqualification from the eligibility process of the City of Hartford for hiring police officers.

88. The defendant's disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer on the basis of a secret file kept by the Waterbury Police Department violates the public policy of the State of Connecticut that prohibits the maintenance of police records which have not been corroborated within fifteen months of their creation.

89. As a result of the wrongful actions of the defendant, the plaintiff has suffered economic losses, as well as emotional distress because of his unjustified disqualification.

## VI. FIRST CAUSE OF ACTION (Violation of the Plaintiff's First Amendment Rights Guaranteeing Him Free Speech)

90-178. The plaintiff incorporates as if re-alleged paragraphs 1 through 89.

179. The action of the defendant in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer constitutes a violation of the plaintiff's free speech rights protected by the First Amendment to the United States Constitution.

180. The plaintiff's disclosure to the New Haven Board of Police Commissioners of the corrupt practices of the New Haven Police officers who conducted his background investigation relate to a matter of public concern.

181.   The plaintiff's disclosure to the New Haven Board of Police Commissioners of the corrupt practices of the New Haven Police officers who conducted his background investigation did not interfere or conflict with the legitimate operations of the City of New Haven.

182.   The violation of the plaintiff's right of freedom of speech as guaranteed by the First Amendment to the United States Constitution is made actionable pursuant to Title 42 U.S.C. §1983.

183.   The plaintiff has suffered emotional distress as a result of the action of the defendant in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for his exercise of his free speech rights.

184.   As a further result of the action of the defendant in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer, the plaintiff has suffered a loss of income and benefits.

185.   The defendant acted under color of law when it disqualified the plaintiff from eligibility for employment as a New Haven Police Officer.

186.   The defendant, by its established practices and policies, has sanctioned the deprivation of the constitutionally protected free speech rights of the plaintiff.

187.   The plaintiff's right to freedom of speech has been a well-established legal right under the First Amendment to the United States Constitution when the defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for his exercise of his free speech rights.

188. The plaintiff's speech on the topic of the corrupt practices of the New Haven Police Officers who conducted his background investigation was constitutionally protected speech.

189. The plaintiff suffered a deprivation, the loss of an employment opportunity as a police officer, which would deter the exercise of free speech.

190. The plaintiff's speech on the topic of the corrupt practices of the New Haven Police Officers who conducted his background investigation was a motivating factor in the defendant's disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer.

VII. **SECOND CAUSE OF ACTION (Violation of the Constitution of the State of Connecticut, Conn. Const. Art. 1, § 4)**

191-279. The plaintiff incorporates as if re-alleged paragraphs 1 through 89.

280. The action of the defendant in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer constitutes a violation of the plaintiff's free speech rights protected by the Constitution of the State of Connecticut, Conn. Const. Art. 1, § 4.

281. The plaintiff's disclosure to the New Haven Board of Police Commissioners of the corrupt practices of the New Haven Police officers who conducted his background investigation relate to a matter of public concern.

282. The plaintiff's communications involve the exercise of the plaintiff's free speech rights protected by the provisions of the Constitution of the State of Connecticut, Conn. Const. Art. 1, § 4.

283. The plaintiff's activities and communications did not interfere or conflict with the legitimate operations of the City of New Haven.

284. The defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer because of the plaintiff's exercise of rights guaranteed by the first amendment to the United States Constitution and section 4 of article first of the Connecticut Constitution.

285. The action of the defendant was intentional, willful and/or reckless; committed in total disregard of the plaintiff's free speech rights.

286. As a result of the defendant's disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer in violation of Constitution of the State of Connecticut, Conn. Const. Art. 1, § 4, the plaintiff has suffered both economic losses and emotional distress.

287. The defendant acted under color of law when it disqualified the plaintiff from eligibility for employment as a New Haven Police Officer.

288. The defendant, pursuant to its established practices and policies, has sanctioned the deprivation of the plaintiff's constitutionally protected free speech rights.

289. The plaintiff's right to freedom of speech has been a well-established legal right under the provisions of the Constitution of the State of Connecticut, Conn. Const. Art. 1, § 4,

when the defendant disqualified the plaintiff from eligibility for employment as a New Haven Police Officer in retaliation for his exercise of his free speech rights.

290.    The plaintiff's speech on the topic of the corrupt practices of the New Haven Police Officers who conducted his background investigation, is a guaranteed right under the Connecticut Constitution.

291.    The plaintiff suffered a deprivation, the loss of an employment opportunity as a police officer, which is likely to deter the exercise of free speech.

292.    The plaintiff's speech on the topic of the corrupt practices of the New Haven Police Officers who conducted his background investigation was a motivating factor in the refusal of the City of New Haven to hire the plaintiff to the position of New Haven Police Officer.

## VIII.    THIRD CAUSE OF ACTION (Violation of the Public Policy of the State of Connecticut)

293-381.    The plaintiff incorporates as if re-alleged paragraphs 1 through 89.

382.    The action of the defendant in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer on the basis of a secret file of the Waterbury Police Department created seventeen years ago violates the public policy of the State of Connecticut embodied in the provisions of the Connecticut Freedom of Information Act.

383.   It is the stated public policy of the State of Connecticut to destroy police investigative files containing allegations of wrongdoing that cannot be corroborated within fifteen months of their creation, let alone seventeen years.

384.   Connecticut General Statutes §  Section 1-216 states: "[e]xcept for records the retention of which is otherwise controlled by law or regulation, records of law enforcement agencies consisting of uncorroborated allegations that an individual has engaged in criminal activity shall be reviewed by the law enforcement agency one year after the creation of such records. If the existence of the alleged criminal activity cannot be corroborated within ninety days of the commencement of such review, the law enforcement agency shall destroy such records."

385.   In disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer, the defendant violated the public policy of the State of Connecticut as embodied in its general laws.

386.   The plaintiff does not possess an adequate administrative remedy that would provide him relief from the unlawful acts of the defendant.

387.   As a result of the defendant's unlawful actions in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer, the plaintiff has suffered monetary damages including loss of pay and benefits.

388.   As a further result of the defendant's unlawful actions in disqualifying the plaintiff from eligibility for employment as a New Haven Police Officer, the plaintiff has suffered severe emotional distress.

389.     It is a violation of the public policy of the State of Connecticut for the defendant to use the uncorroborated allegations recorded some seventeen years earlier to disqualify the plaintiff from eligibility for employment as a New Haven Police Officer.

**IX.     FOURTH CAUSE OF ACTION (Violation of the Plaintiff's Right to Due Process of Law In Violation of the Fourteenth Amendment to the United States Constitution)**

390-478.     The plaintiff incorporates as if re-alleged paragraphs 1 through 89.

479.     The defendant deprived the plaintiff of his constitutionally protected liberty interest by spreading false and stigmatizing information about him in connection with its disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer.

480.     The plaintiff possessed a constitutionally protected liberty interest to pursue his profession as a police officer of which he could not be deprived by government action without due process of law.

481.     The statement that the plaintiff was implicated with a well-known drug dealer named Victor Caraballo and that the plaintiff was part of a search and seizure when stopped in his vehicle on July 31, 2001, substantially infringed on the plaintiff's constitutionally protected liberty interest to secure future employment in his chosen profession and entitled him to a meaningful trial type hearing to clear his reputation.

482.     The liberty interest of the plaintiff, which is protected by the due process clause of the Fourteenth Amendment, includes the right to contest at a hearing the public, stigmatizing governmental accusations lodged against him by the defendant, which

have imposed on him a likelihood of substantial disability in pursuing his professional career.

483. The allegations made by the defendant that the plaintiff was implicated with a well-known drug dealer named Victor Caraballo and that the plaintiff was part of a search and seizure when stopped in his vehicle on July 31, 2001, without affording the plaintiff a name-clearing hearing, deprived the plaintiff of his liberty to pursue his chosen profession without due process of law in violation of the Fourteenth Amendment.

484. Since the allegations that the plaintiff was implicated with a well-known drug dealer named Victor Caraballo and that the plaintiff was part of a search and seizure when stopped in his vehicle on July 31, 2001, which were made in connection with the defendant's disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer, substantially impaired the plaintiff's liberty interest in pursuing his career as a police officer, a name-clearing hearing was constitutionally required under the mandates of the Fourteenth Amendment's due process provisions.

485. The allegations that the plaintiff was implicated with a well-known drug dealer named Victor Caraballo and that the plaintiff was part of a search and seizure when stopped in his vehicle on July 31, 2001, damaged the plaintiff's professional reputation, significantly impeding his ability to work in the future as a police officer with any other police agency.

486. The defendant deprived the plaintiff of his constitutionally protected liberty interest in pursuing his profession as a police officer when they falsely accused him of being

implicated with a well-known drug dealer named Victor Caraballo and being the subject of a search and seizure on July 31, 2001, without providing the plaintiff with a name-clearing hearing which satisfied minimum due process requirements.

487. The violation of the plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution is made actionable against the defendant pursuant to Title 42 U.S.C. §1983.

488. The defendant acted pursuant to its unlawful policies, when it failed to provide the plaintiff with a trial-type, name-clearing hearing, either pre-termination or post-termination in violation of the due process provisions of the Fourteenth Amendment to the United States Constitution.

489. The defendant, acting through its Board of Police Commissioners, was the final policymaking authority, as regards the decision to disqualify the plaintiff from eligibility for employment as a New Haven Police Officer without providing him with a name-clearing hearing.

490. As a result of the actions of the defendant, in depriving the plaintiff of his constitutional right to due process of law, the plaintiff has suffered emotional distress.

491. As a further result of the actions of the defendant, in depriving the plaintiff of his right to due process of law, the plaintiff has suffered a loss of income and benefits.

492. The defendant acted under color of law when it disqualified of the plaintiff from eligibility for employment as a New Haven Police Officer.

493. The defendant acted under color of law when it failed to provide the plaintiff with a constitutionally mandated name-clearing hearing.

494. Unless the defendant restores the plaintiff to the list of eligible candidates for appointment to the position of police officer in the New Haven Police Department, he will suffer irreparable harm.

495. The disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer was constitutionally invalid.

## X.     FIFTH CAUSE OF ACTION (Arbitrary and Capricious Administrative Action)

496-584. The plaintiff incorporates as if re-alleged paragraphs 1 through 89.

585. The defendant acted arbitrarily, unreasonably, unlawfully and in abuse of its discretion when it disqualified the plaintiff from eligibility for employment as a New Haven Police Officer.

586. The plaintiff satisfied the essential qualifications required to be considered eligible for appointment to the position of police officer on the New Haven Police Department; 1) he was over twenty-one years of age; 2) he possessed a high school diploma; 3) he has good written and verbal communication skills in English; 4) he is a United States citizen; 5) he does not have a felony conviction or a Class A or B misdemeanor conviction; 6) he possesses a valid Connecticut driver's license; 6) he resides within twenty miles of New Haven.

587.  The plaintiff passed the required components to determine eligibility for appointment to the position of police officer on the New Haven Police Department; 1) he passed the agility examination; 2) he passed the civil service written test for police officer candidates; 3) he passed the oral interview; 4) his criminal, credit and motor vehicle record check and background investigation demonstrated his suitability for employment as a New Haven Police Officer; 5) he passed the polygraph examination; and 6) but for the untruthful information supplied by the defendant to the psychologist conducting the plaintiff's psychological evaluation, the plaintiff would have been found psychologically fit for employment as a New Haven Police Officer.

588.  The removal of the plaintiff from the list of eligible for appointment to the position of police officer on the New Haven Police Department is contrary to Rule IV, Section 4 (a) of the New Haven Civil Service Rules which places limits on the defendant's discretion in removing candidates from a civil service eligibility list.

589.  Unless the defendant restores the plaintiff to the list of eligible candidates for appointment to the position of police officer in the New Haven Police Department, he will suffer irreparable harm.

590.  Under Connecticut law, the plaintiff possesses the right to bring an independent action to challenge the unreasonable, arbitrary and/or illegal actions of the defendant when it disqualified the plaintiff from eligibility for employment as a New Haven Police Officer. *Kelly v. City of New Haven*, 275 Conn. 580, 609–10, 881 A.2d 978, 997 (2005).

591. The disqualification of the plaintiff from eligibility for employment as a New Haven Police Officer was legally invalid.

## XI.    PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to the First and Fourth Causes of Action)

    a.  Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b.  Enjoin the defendant from engaging in such conduct;

    c.  Require the defendant to restore the plaintiff to the police officer eligibility list;

    d.  Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

    e.  Award plaintiff compensatory damages;

    f.  Award plaintiff costs and attorney fees; and

    g.  Grant such other and further relief as the Court may deem just and proper.

(As to the Second, Third and Fifth Causes of Action)

    a.  Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b.  Enjoin the defendant from engaging in such conduct;

    c.  Require the defendant to restore the plaintiff to the police officer eligibility list;

d. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

e. Award plaintiff compensatory damages; and

f. Grant such other and further relief as the Court may deem just and proper.

THE PLAINTIFF – WILLIAM F. RAMIREZ

BY /s/ Thomas W. Bucci
  Thomas W. Bucci
  Fed. Bar #ct07805
  WILLINGER, WILLINGER & BUCCI, P.C.
  855 Main Street
  Bridgeport, CT   06604
  Tel: (203) 366-3939
  Fax: (203) 337-4588
  Email: thomasbucci@earthlink.net